**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

_____

United States of America,

         Plaintiff,

v.

Apple iPhone 16 Pro 128GB, et al.
(see attachment one)

         Defendants *in rem.*

_____

Civil No. 1:26-cv-00011-AJ

**CLAIMANT ZHUZHU TECH LIMITED'S ANSWER**
**TO AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Claimant ZhuZhu Tech Limited ("Claimant" or "ZhuZhu Tech"), by and through its undersigned counsel, Dynamis, LLP, by Kaitlyn Gerber, Esq. and Law Offices of Peter Katz, LLC, having timely filed its Verified Claim in this action (Dkt. 6), hereby answers the Amended Verified Complaint for Forfeiture *in Rem* ("Complaint") (Dkt. 4) filed by the United States of America on January 9, 2026, pursuant to Supplemental Rule G(5)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, and 18 U.S.C. § 983(a), and states as follows:

**NATURE OF THE ACTION**

1.      Claimant admits that this is an action brought by the United States seeking forfeiture of certain property *in rem* pursuant to 18 U.S.C. §§ 1341 and 1343. Claimant denies that the Defendant Property is subject to forfeiture and denies that the Defendant Property constitutes or is derived from proceeds traceable to any violation of federal law.

1

**JURISDICTION AND VENUE**

2.      Claimant admits that this Court has jurisdiction over this *in rem* forfeiture action under 18 U.S.C. § 981(a)(1)(C) and under 21 U.S.C. §§ 1345 and 1355(a), and that this Court has *in rem* jurisdiction over the property under 28 U.S.C. § 1355(b). Claimant admits that venue is proper in this District.

**THE DEFENDANTS *IN REM***

3.      Claimant admits that the Defendant Property consists of the electronic devices identified in Attachment 1 to the Complaint, and that the devices were seized from the FedEx facility at 10 Industrial Drive, Londonderry, NH on August 20, 2025, the UPS facility at 3 Whipple Street, Nashua, NH on August 21, 2025 and August 22, 2025, and the FedEx facility at 44 Industrial Drive, Londonderry, NH on August 25, 2025. Claimant admits that the Defendant Property is in the custody of the Department of Homeland Security, Homeland Security Investigations. Claimant denies that the Defendant Property is subject to forfeiture.

**FACTS**

4.      In response to paragraph 1 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding law enforcement's investigation into organized gift card fraud or the "Project Red Hook" initiative and therefore denies the same.

5.      In response to paragraph 2 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unlawful obtaining of gift cards through romance fraud, elder fraud, sextortion, hacking, or retail theft, or

2

the transmission of data to China, or the use of gift cards to purchase Apple electronics for export, and therefore denies the same.

6.     In response to paragraph 3 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding search warrants executed on multiple warehouses throughout New Hampshire, the operation of those warehouses by groups of Chinese nationals or persons of Chinese descent, or that electronics therein were purchased using stolen or fraudulently obtained gift cards, and therefore denies the same. Claimant further denies any implication that ZhuZhu Tech Limited was involved in or had knowledge of any such activities.

7.     In response to paragraph 4 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the allegations regarding Apple's confirmation of gift card usage, the origin and redemption of such cards, or the timing of gift card use relative to original purchase, and therefore denies the same.

8.     In response to paragraph 5 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding WeChat group chats, gift card numbers and PINs exchanged therein, or discussions about the sale and purchase of electronic devices or New Hampshire-based warehouses and therefore denies the same.

9.     In response to paragraph 6 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the allegations regarding Apple's statements about authorized wholesalers, retailers, or resellers, or the alleged export of devices to China, the UAE, or through Miami, and therefore denies the same.

10.     In response to paragraph 7 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the allegations concerning a warehouse at 1 Bon

3

Terrain Drive, Units A-G, Amherst, NH, or Apple's records regarding 31,051 Apple devices received at that location from May 1, 2025 to July 17, 2025, totaling approximately $35 million, and therefore denies the same.

11.    In response to paragraph 8 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the allegations that all orders during the relevant time period were funded entirely with gift cards or that each order was linked to a separate Apple ID account and therefore denies the same.

12.    In response to paragraph 9 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the allegations regarding a sampling of 20 Apple device orders provided by Apple for devices sent to the Amherst warehouse on June 18, 2025, the alleged gift card funding of those orders, the alleged origin and redemption in China and Hong Kong, or the alleged use of fake names, billing addresses, and billing phone numbers, and therefore denies the same.

13.    In response to paragraph 10 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the allegations regarding a sextortion victim in Massachusetts being coerced into purchasing Apple gift cards in July 2025, or the use of such gift cards to purchase an iPhone 16 Pro Max 256 GB shipped to the Amherst warehouse, and therefore denies the same.

14.    In response to paragraph 11 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the allegations regarding the Amherst warehouse's association with EasyGo Shipping Solution Corp. or FOCO Logistics Servies, Inc., or the role of Yong Zeng, a/k/a Brandon Zeng, as registered agent, and therefore denies the same.

15.     In response to paragraph 12 of the Complaint, Claimant lacks knowledge or information sufficient to form a belief as to the allegations regarding law enforcement surveillance of the warehouse or FedEx and UPS deliveries and outbound shipments therefrom and therefore denies the same.

16.     In response to paragraphs 13 through 16 of the Complaint, Claimant admits that law enforcement officers executed search warrants and seized the Defendant Property from the FedEx and UPS facilities on August 20, 21, 22, and 25, 2025, as described in the Complaint. Claimant lacks knowledge or information sufficient to form a belief as to any characterization of the seized property beyond the descriptions in Attachment 1, including the footnote regarding potentially mis-scanned devices, and therefore denies the same to the extent they contain such characterizations.

### FIRST CLAIM FOR FORFEITURE

17.     In response to the second paragraph 15[1] of the Complaint, which incorporates by reference the allegations in paragraphs 1 through 16, Claimant incorporates its responses set forth above.

18.     In response to the second paragraph 16 of the Complaint, Claimant admits the existence of 18 U.S.C. § 981(a)(1)(C) as a matter of law but denies that its provisions apply to the Defendant Property in the manner alleged. Claimant denies that the Defendant Property constitutes or is derived from proceeds traceable to any specified unlawful activity.

---

[1] The paragraphs in the First Claim for Forfeiture are mistakenly numbered as 15-18. This appears to be an editing error in the Original filing. We use the same numbering (using the phrasing "the second paragraph 15") in our Answer to avoid any confusion.

19.     In response to the second paragraph 17 of the Complaint, Claimant admits that 18 U.S.C. §§ 1341 and 1343 are statutes defining mail fraud and wire fraud as a matter of law, and that such offenses are specified unlawful activities under 18 U.S.C. § 1961(1) as incorporated by 18 U.S.C. § 1956(c)(7). Claimant denies that the Defendant Property constitutes or is derived from proceeds traceable to violations of those statutes.

20.     In response to the second paragraph 18 of the Complaint, Claimant denies that the defendants *in rem* are liable to condemnation and forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C) or any other provision of law.

21.     To the extent any allegation in the Complaint is not specifically addressed herein, such allegation is denied.

## AFFIRMATIVE DEFENSES

Without waiving or limiting any of the foregoing denials or any other defense available at law or in equity, Claimant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
*Innocent Owner – 18 U.S.C. § 983(d)*

22.     Claimant ZhuZhu Tech Limited is an innocent owner of the Defendant Property within the meaning of 18 U.S.C. § 983(d). At the time of the seizure, Claimant did not know, and had no reason to know, that the Defendant Property constituted, was derived from, or was traceable to proceeds of any offense giving rise to forfeiture. Claimant was not involved in, and had no knowledge of, any scheme to unlawfully obtain gift cards or to use proceeds of fraud to purchase Apple electronic devices. Claimant is a bona fide purchaser or interest holder that acquired its interest in the Defendant Property without knowledge of any illegality. Alternatively, upon

learning of the conduct giving rise to the forfeiture, Claimant did all that reasonably could be expected under the circumstances to terminate such use of the property. Pursuant to 18 U.S.C. § 983(d)(1), the Government bears the burden of proving that Claimant knew or reasonably should have known of the conduct giving rise to forfeiture.

## SECOND AFFIRMATIVE DEFENSE
### *Failure to Establish Substantial Connection*

23.    The Government cannot establish, by a preponderance of the evidence, that there is a substantial connection between the Defendant Property and any offense giving rise to forfeiture, as required by 18 U.S.C. § 983(c)(3). The Complaint's allegations rest on generalized assertions about an investigation called "Project Red Hook" and broad characterizations of warehouse operations, without establishing that the specific devices in which ZhuZhu Tech Limited has an interest are traceable to any particular unlawful transaction.

## THIRD AFFIRMATIVE DEFENSE
### *Excessive Fine – Eighth Amendment*

24.    Forfeiture of the Defendant Property would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution, as the forfeiture would be grossly disproportional to the gravity of any offense allegedly committed, particularly as to property belonging to an innocent claimant with no involvement in the alleged criminal activity.

## FOURTH AFFIRMATIVE DEFENSE
### *Due Process – Fifth Amendment*

25. The forfeiture of the Defendant Property would violate Claimant's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE
### *Government's Burden of Proof*

26. The Government cannot sustain its burden of proving, by a preponderance of the evidence, that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as required by 18 U.S.C. § 983(c)(1). The Complaint relies on a generalized investigation and sampling of only 20 orders out of over 31,000 devices received at the Amherst warehouse, which is insufficient to establish a substantial connection between the specific devices claimed by ZhuZhu Tech Limited and any offense.

## SIXTH AFFIRMATIVE DEFENSE
### *Reservation of Defenses*

30. Claimant reserves the right to assert additional affirmative defenses as discovery in this matter proceeds and additional facts become known.

## PRAYER FOR RELIEF

**WHEREFORE**, Claimant ZhuZhu Tech Limited respectfully requests that this Court:

(a) Deny the Government's Verified Complaint for Forfeiture *in Rem* in its entirety as to the Defendant Property in which Claimant has an interest;

(b) Order the return of all Defendant Property in which Claimant has an interest;

8

(c)     Award Claimant its reasonable attorney's fees and other litigation costs pursuant to 28 U.S.C. § 2465(b)(1);

(d)     Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Claimant ZhuZhu Tech Limited hereby demands a trial by jury on all issues so triable in this action, pursuant to Supplemental Rule G(9).

Respectfully submitted,

ZHUZHU TECH LIMITED

Dated: April 16, 2026                                             By Counsel:

/s/ Kaitlyn Gerber
Kaitlyn Gerber, Esq.
NH Bar # 272492
DYNAMIS LLP
175 Federal Street, Suite 1200
Boston, MA 02110
(617) 221-4196
kgerber@dynamisllp.com

Peter Katz, Esq.
Law Offices of Peter Katz
116 Village Boulevard, Suite 200
Princeton, NJ 08540
(609) 734-4380
peter@pkatzlegal.com
*Pro hac vice motion pending*

*Attorneys for Claimant ZhuZhu Tech Limited*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2026, I caused a true and correct copy of the

foregoing Answer to be served upon the following by electronic filing via CM/ECF:

Raphael Katz
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
District of New Hampshire
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
raphael.katz@usdoj.gov

/s/ Kaitlyn Gerber
Kaitlyn Gerber, Esq.

10